IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIGI LINEA LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. _____ |
| | § | |
| BOCCHI LABORATORIES, INC., | § | |
| | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT

COMES NOW, TIGI LINEA LP (hereinafter "TIGI"), plaintiff, and files this its Original Complaint complaining of Defendant Bocchi Laboratories, Inc. (hereinafter "Bocchi"), and for cause of action would show the Court as follows:

### I.

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff TIGI is a a Texas limited partnership having its principal place of business at 1655 Waters Ridge Drive, Lewisville, Texas 75057.

2. Defendant Bocchi, is on information and belief, a California corporation, with its principal place of business in Santa Clarita, CA. It may be served with process by service upon Robert Fitzwarner, Corporate Controller, Bocchi Laboratories, Inc., 26321 Ferry Court, Santa Clarita, CA 91350.

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 for the reason that the amount in controversy, exclusive of interests and costs, exceeds $75,000.00 and this matter is between citizens of different states. This Court has pendent and ancillary jurisdiction as well.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 for the reason that a substantial part of the events or omissions giving rise to the claims occurred in this district.

5. This Court has personal jurisdiction over the Defendant pursuant to the Long Arm Statutes of Texas and the Federal Court's application thereof. Tex. Civ. Prac. & Rem. Code §17.021. The claims made in this case arise out of or are connected with business which Defendant transacted in the State of Texas. Defendant has sufficient contacts with the State of Texas such that this Court's exercise of personal jurisdiction over said Defendant would not offend traditional notions of fair play and substantial justice.

## II.

## FACTUAL BACKGROUND

6. Plaintiff incorporates and re-alleges the averments contained in paragraphs 1 through 5, as if set forth in full.

7. TIGI is a seller of professional haircare products. One of the haircare products sold by TIGI is its "S Factor™, Creamy Molding Wax" (hereinafter, "TIGI Creamy Wax"). The TIGI Creamy Wax is ordinarily just as described, creamy. It is sold for the purpose of being applied to a user's hair to achieve a particular aesthetic result.

8. Bocchi is manufacturer of toilet preparations, including haircare products. On or around February 14, 2005, Bocchi informed TIGI that it could manufacture the TIGI Creamy Wax final product in accord with the product's formulation and packaging specifications and so that it was acceptable for its intended use.

9. On or around April 11, 2005, Bocchi and TIGI agreed that Bocchi would manufacture and supply TIGI with tens of thousands of units of TIGI's "S Factor™, Creamy Molding Wax" (hereinafter, "TIGI Creamy Wax").

10. During 2006, Bocchi shipped tens of thousands of units of TIGI Creamy Wax to TIGI.

11. Beginning in around June 2006, TIGI began receiving complaints from its customers that the TIGI Creamy Wax supplied by Bocchi was defective and non-conforming.

12. Subsequently, TIGI has discovered that tens of thousands of the units are non-conforming and defective. For example, many of the units, which were intended to have a creamy consistency, instead, are in solid form, entirely unsuitable for the purpose of being applied to hair.

### III.

### FIRST CAUSE OF ACTION
*(Breach of Implied Warranty)*

13. Plaintiff incorporates and re-alleges the averments contained in paragraphs 1 through 12, as if set forth in full.

14. A warranty that goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. TEX. BUS. & COM. CODE, § 2.314. Goods to be merchantable must be at least fit for the ordinary purposes for which such goods are used. *Id.* § 2.314(b)(3).

15. Defendant Bocchi, in its manufacture and sale of the TIGI Creamy Wax in question impliedly warranted to TIGI that the TIGI Creamy Wax was of merchantable quality and fit for the purposes intended.

16. Notwithstanding such implied warranty, the TIGI Creamy Wax was defective in its manufacture and non-conforming.

17. Defendant Bocchi has thereby breached the implied warranty.

18. Plaintiff TIGI has suffered damages as a direct result of Defendant Bocchi's breach of this implied warranty.

## IV.

## SECOND CAUSE OF ACTION
*(Breach of Contract)*

19. Plaintiff incorporates and re-alleges the averments contained in paragraphs 1 through 18, as if set forth in full.

20. Plaintiff TIGI and Defendant Bocchi agreed that TIGI would pay Bocchi a sum certain in exchange for Bocchi providing conforming TIGI Creamy Wax to TIGI.

21. In accordance with this agreement, TIGI paid Bocchi for units of TIGI Creamy Wax delivered to TIGI.

22. As described in previous paragraphs of this Complaint, thousands of units of TIGI Creamy Wax provided by Bocchi were not conforming.

23. Bocchi's activities constitute breach of contract under Texas law.

24. Plaintiff TIGI has suffered damages as a direct result of Defendant Bocchi's breach of contract.

## V.

## THIRD CAUSE OF ACTION
*(Attorney's Fees)*

25. Plaintiff incorporates and re-alleges the averments contained in paragraphs 1 through 24, as if set forth in full.

26. It has become necessary for Plaintiff TIGI to retain the undersigned attorneys to pursue the claims set forth herein, and TIGI has agreed to pay reasonable attorneys fees.

Pursuant to Texas law, TIGI is entitled to recover its reasonable and necessary fees incurred in prosecuting this action.

## VI.

## DEMAND FOR JURY TRIAL

27.  TIGI demands a trial by jury for all fact issues in this case.

## VII.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, TIGI prays that the Court summon Bocchi to appear herein, and, after hearing, that TIGI have judgment against Defendant for:

- a. All actual damages caused by Defendant's conduct;

- b. Treble and or/ punitive damages in an amount to be determined by the trier of fact;

- c. TIGI's reasonable and necessary attorneys fees;

- d. Pre- and postjudgment interest at the highest lawful rate;

- e. Costs of court; and

- f. All such other and further relief to which TIGI may show itself justly entitled.

Dated: May 25, 2007

Respectfully submitted,

**FISH & RICHARDSON P.C.**

By: _____
Geoffrey S. Harper
Texas Bar No. 00795408
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

Thad C. Kodish
Fish & Richardson P.C.
1180 Peachtree Street, N.E.
21st Floor
Atlanta, Georgia 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

**Attorneys for Plaintiff,
TIGI LINEA LP**

JS 44 (Rev 3/99)

RECEIVED IN DROP BOX
MAY 2 5 2007

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

NORTHERN DISTRICT OF TEXAS

ORIGINAL

| I. (a) PLAINTIFFS<br>TIGI LINEA LP | DEFENDANTS<br>BOCCHI LABORATORIES, INC. |
|---|---|
| (b) County of Residence of First Listed Plaintiff DALLAS<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant Los Angeles<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED |

3-07CV0943-P

| (c) Attorneys (Firm Name, Address, and Telephone Number)<br>Geoffrey S. Harper<br>Thad C. Kodish<br>Fish & Richardson P.C.<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201<br>Telephone: (214) 747-5070   Telecopy: (214) 747-2091 | Attorneys (If Known)<br>Robert Fitwarner<br>Corporate Controller<br>Bocchi Laboratories, Inc.<br>26321 Ferry Court<br>Santa Clarita, CA 91350 |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☒ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>**PERSONAL INJURY**<br>☐ 362 Personal Injury- Med. Malpractice<br>☐ 365 Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth In Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS – Third Party 26 USC 7609 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/ Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>Habeas Corpus:<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | | |

## V. ORIGIN (PLACE "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violations of 18 U.S.C. §1030, §2701, Texas statutes and common law arising from unlawful computer hacking and theft of trade secrets.

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | Demand: $ | CHECK YES only if demanded in Complaint<br>JURY DEMAND: ☒ Yes ☐ No |
|---|---|---|---|
| VIII. RELATED CASE(S) IF ANY | (See Instructions) JUDGE s | | DOCKET NUMBER |

| DATE<br>05/25/2007 | SIGNATURE OF ATTORNEY OF RECORD | TYPE NAME OF ATTORNEY<br>Geoffrey S. Harper |
|---|---|---|

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS44 Reverse (Rev. 12/96)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
Authority for Civil Cover Sheet